In re: AMERICAN AIRLINES, INC. FLIGHT 869 TURBULENCE INCIDENT OF JANUARY 17, 1996

Patricia Simmons, Mark Sperber, and Jerry Koenke, Plaintiffs,

v.

American Airlines, Inc., Alan R. Griffith and Donald F. Koehler, Defendants.

Jane Felix, Plaintiff,

v.

American Airlines, Inc., Alan R. Griffith and Donald F. Koehler, Defendants.

Julie Balentine, Plaintiff,

v.

American Airlines, Inc., Defendant.

Simon Yoyotte and Dellevi Yoyotte, Plaintiffs,

v.

American Airlines, Inc., Defendant.

Nos. 97–2317–CIV, 97–2316–CIV, 97–2334–CIV, 96–3590–CIV.

United States District Court, S.D. Florida, Miami Division.

Jan. 16, 2001.

Michael Haggard and Robert L. Parks, Haggard and Parks, P.A., Miami, FL, for Plaintiffs.

Lee Rohn, Law Office of Lee Rohn, Christiansted, St. Croix, Virgin Islands, for Simmons and Felix.

Julie Balentine, pro se, Bothell, WA.

Emmet J. Schwartzman, Nancy H. Henry, and Karen M. Stanford, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Miami, FL, for Defendants.

## MEMORANDUM ORDER

TJOFLAT, District Judge.

### I.

On January 17, 1996, American Airlines Flight 869 encountered air turbulence as it was flying from Miami, Florida, to San Juan, Puerto Rico. Several passengers claiming to have suffered injuries aboard Flight 869 filed suit. Four such cases are currently pending before this court pursuant to this court's jurisdiction to entertain multidistrict litigation, 28 U.S.C. § 1407. American Airlines, Inc. is a defendant in all four cases. The pilots, Griffith and Koehler, are defendants in cases 97–2316–CIV–TJOFLAT, and 97–2317–CIV–TJOFLAT.

On July 21, 2000, Defendant American Airlines filed the following with this court: A motion for summary judgment in 97–2317–CIV–TJOFLAT and 96–3590–CIV–TJOFLAT; A memorandum of law on the issue of substantive law to be applied to the question of liability for the domestic passengers in 97–2316–CIV–TJOFLAT and 97–2334–CIV–TJOFLAT; A memorandum of law on the issue of substantive law to be applied to the question of compensatory damages in 97–2316–CIV–TJOFLAT, 97–2317–CIV–TJOFLAT, 97–2334–CIV–TJOFLAT, and 96–3590–CIV–TJOFLAT. Responses have been filed in all cases except 97–2334–CIV–TJOFLAT.

### II.

#### A.

■■■ The Warsaw Convention[1] provides the exclusive remedy for accidents occurring on board an aircraft for passengers traveling between countries which are signatories to the treaty. *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 161, 119 S.Ct. 662, 668, 142 L.Ed.2d 576 (1999). The Warsaw Convention, reprinted at 49 U.S.C § 40105 (note), "entered into force

---

1. Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland,

October 12, 1929, adhered to by the United States, June 27, 1934, 49 Stat. 3000, 3014, *reprinted in* 49 U.S.C. § 40105 note.

for the United States on October 29, 1934." *Piamba Cortes v. American Airlines, Inc.*, 177 F.3d 1272, 1280 (11th Cir.1999). Travel is international even if the leg of the journey at issue is completed within the territorial jurisdiction of one country as long as the beginning and end of the journey are in different signatory nations. *Haldimann v. Delta Airlines, Inc.*, 168 F.3d 1324, 1326 (D.C.Cir.1999). If the Warsaw Convention applies, it provides strict liability on the airline in exchange for a $75,000 cap on damages, unless the passenger can demonstrate willful misconduct.[2] *See Piamba Cortes*, 177 F.3d at 1281.

█ In 97–2317–CIV–TJOFLAT, it is undisputed that the Simmons plaintiffs were traveling on flight 869 as part of their trip from Cancun, Mexico, to the U.S. Virgin Islands. Both Mexico and the United States are signatories to the Warsaw Convention. Therefore, the Warsaw Convention provides the Simmons plaintiffs their exclusive remedy unless they can demonstrate wilful misconduct. The Simmons' complaint contains ten counts. Counts one through nine allege various state law and admiralty claims.[3] These counts are therefore dismissed.[4] Count X alleges wilful misconduct, an exception to the Warsaw Convention, and American Airlines has not moved for summary judgment on this count.

### B.

In 96–3590–CIV–TJOFLAT, plaintiff Simon Yoyotte alleges in Count I that he was injured on Flight 869 as a result of defendant's negligence. In Count II, Dellevi Yoyotte, as Simon Yoyotte's wife, brings a loss of consortium claim. Simon Yoyotte was on board Flight 869 as part of a trip from Miami to Guadaloupe, which is within the jurisdiction of France.

█ American Airlines contends that these claims are preempted by the Warsaw Convention and the Yoyottes concede this point. The Yoyottes have only raised state law claims; their claims are therefore dismissed because when the Warsaw Convention applies, it is the exclusive ground for recovery. *See El Al*, 525 U.S. at 161, 119 S.Ct. at 668.

### C.

█ In 97–2316–CIV–TJOFLAT, plaintiff Jane Felix and defendant American Airlines both filed memoranda on the issue

---

2. The original cap on damages was $8,300. Warsaw Convention art. 22. Following dissatisfaction with this cap, air carriers agreed in the Montreal Agreement of 1966 to enter into private contractual agreements with all passengers to raise the liability cap to $75,000 for all flights originating or terminating in the United States. *Piamba Cortes*, 177 F.3d at 1281. In 1975, delegates met again in Montreal and agreed on the Montreal Protocols—a collection of four protocols to which the parties had agreed. The United States Senate, however, agreed only to the fourth protocol. The President signed the instrument of ratification of the fourth protocol on November 5, 1998. *Id.* at 1282. This protocol is significant because it replaced the term "wilful misconduct" as the means for a plaintiff to avoid the liability cap of the Warsaw Convention, with a definition that states as follows:

> [t]he limits of liability specified in . . . Article 22 shall not apply if it is proved that the damge resulted from an act or omission of the carrier, his servants or agents, done with intent to cause damage or recklessly

and with knowledge that damage would probably result.
*Id.* (quoting Additional Protocol No. 4 to Amend the Warsaw Convention). The Eleventh Circuit has held that this language merely clarifies the meaning of "wilful misconduct" as a subjective test. *Id.* at 1290.

3. Specifically, Count I alleges negligence on the part of American Airlines; Count II is an admiralty claim against American Airlines; Count III is a strict liability claim against American Airlines for transporting passengers on an unsafe aircraft; Count IV is for negligence on the part of the individual defendant pilots; Count V, VI, and VII allege negligence, strict liability, and breach of warranties, respectively, against the manufacturer of the aircraft, Airbus; Counts VIII and IX are for negligence and strict liability, respectively, against AVSA, the distributor of the aircraft.

4. The manufacturer and the distributor were dismissed as defendants for improper service pursuant to this court's May 5, 2000 order.

of substantive law to be applied to the question of liability and compensatory damages. Felix was on Flight 869 as a domestic passenger (meaning that her trip was to begin and end in the United States). She is domiciled in the United States Virgin Islands and originally filed her complaint in the United States District Court for the District of the Virgin Islands. Felix invoked the district court's diversity jurisdiction, 28 U.S.C. § 1332. The district court would therefore apply the choice of law rules of the forum. The law of the Third Circuit, however, while permitting passengers injured during air travel to seek relief under state remedial schemes, has held that the airline's standard of care is set by federal aviation law. *See Abdullah v. American Airlines, Inc.*, 181 F.3d 363, 375 (3d Cir.1999). Therefore, the substantive law to be applied in determining liability is that of the Third Circuit. Both parties consent to the application of the law of the Third Circuit for the issue of liability.

In determining what jurisdiction's substantive law for compensation should be employed, the Virgin Islands has adopted the Restatement (Second) of the Law of Conflict of Laws ("Restatement"). Under section 145 of the Restatement, the court should first consider which jurisdictions have an interest in applying their compensatory damage scheme and then, pursuant to section 6, which state's interests are the most "significant." Both parties concede in this case, and the court agrees, that Florida and the Virgin Islands have significant interests. Felix is domiciled in the Virgin Islands, but the individual pilot defendants are domiciled in Florida, the flight took off from Florida, and American Airlines transacts significant business in Florida. American Airlines notes that under section 145, comment i, because both jurisdictions' compensatory law is significantly similar, the jurisdictions should be treated as one. This court concludes that given the similar compensatory schemes and interests of the jurisdiction in this case, a court in the Virgin Islands would probably apply its own law.

Therefore (and in accordance with the consent of both parties) the substantive law of the United States Virgin Islands will apply to the issue of compensatory damages.

### D.

In 97–2334–CIV–TJOFLAT, the plaintiff has not filed a response despite the court's order on May 30, 2000, that all responses be filed by September 22, 2000. American Airlines has not filed a motion for summary judgment in this case. For the second time, this court will enter an order requiring the plaintiff to show cause why her case should not be dismissed.

### III.

For the foregoing reasons, it is ordered as follows:

1. In 96–3590–CIV–TJOFLAT, defendant's motion for summary judgment is hereby GRANTED and the case DISMISSED.

2. In 97–2317–CIV–TJOFLAT, defendant's motion for summary judgment is GRANTED as to Counts I through IV. Counts V through IX are similarly DISMISSED because the defendants are no longer parties to this action.

3. In 97–2316–CIV–TJOFLAT, the substantive law of the Third Circuit will apply to liability, and the law of the United States Virgin Islands will apply to compensatory damages. Counts V through IX of the Complaint are DISMISSED because the defendants are no longer parties to this action.

4. In 97–2334–CIV–TJOFLAT, Plaintiff Julie Balentine is hereby ordered to SHOW CAUSE within 14 days of the date of this order why this case ought not be dismissed with prejudice. Should Balentine, either pro se or through successor counsel, decide to proceed further with this case, an appearance must be entered within that 14 day period.